## CITY LIGHT & WATER CO. v. JAMES.

### (Circuit Court of Appeals, Fifth Circuit. November 12, 1919.)

### No. 3349.

ELECTRICITY ⬥=19(13)—INSTRUCTION IN ACTION FOR DEATH FROM ELECTRIC SHOCK.

 In an action against an electric company for the death of a person, killed by receiving a heavy current of electricity when he touched a light switch, refusal of an instruction that defendant was not an insurer of the safety of persons using its current, but was liable only for negligence in failing to use due care, *held* error, in view of the evidence.

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by Lena De Boe James against the City Light & Water Company. Judgment for plaintiff, and defendant brings error. Reversed.

Thos. F. Turner, of Amarillo, Tex. (Turner & Dooley, of Amarillo, Tex., on the brief), for plaintiff in error.

Alexander M. Mood and John W. Veale, both of Amarillo, Tex. (Alexander M. Mood, Alexander A. Lumpkin, and John W. Veale, all of Amarillo, Tex., on the brief), for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. The defendant in error, the widow of John Lewis James, suing for the use and benefit of herself and minor children of herself and her deceased husband, brought this action to recover damages alleged to have been caused by the death of the latter. The parties will be referred to as they were designated in the trial court.

The deceased was an employé of J. H. Harris & Son, who were merchants doing business in the city of Amarillo, to whom the defendant, which operated an electric lighting plant, for compensation supplied electricity for lighting their premises and to operate a motor thereon; it being stipulated that the current so to be furnished was to be a safe voltage, and not involving danger to Harris & Son or others. In the course of the performance of his duties as employé the deceased, needing a light for work he had to do, attempted to turn on an electric light under a shed on the premises of his employers, and was instantly killed when his hand came in contact with the switch. His death was attributed to the negligence of the defendant in permitting a very dangerous, unreasonable, and unnecessarily high voltage of electricity to be on the wires serving the premises of the deceased's employers.

The petition in the case contained a number of specifications of respects wherein the defendant was charged to have been negligent in allowing an excessive and dangerous current of electricity to be transmitted to the wires on those premises. The allegations of negligence were duly put in issue. Under the evidence adduced it was a question for the jury whether the defendant had been negligent as charged.

There was evidence having some tendency to prove that a defective condition of the defendant's equipment, to which the presence of the dangerous current on the wires on the premises of the deceased's employers might have been attributed, was the result of a storm which occurred so short a time before the deceased was killed that the defendant could not properly be charged with a lack of due diligence in failing to discover and remedy the defect before the casualty occurred.

An exception was reserved to the court's refusal to give the following written instruction requested by the defendant:

"Gentlemen of the Jury: You are instructed that the defendant in this cause was not an insurer of the safety of the persons using its electric current, including the deceased, but that, if it used the proper degree of care, as given you elsewhere in the charge of the court, then the fact that the deceased came to his death by reason of the passage through his body of a heavy current of electricity, but that the cause thereof was not attributable to negligence of the defendant, but by reason of causes over which it had no control, or which it had not had sufficient time to discover in the exercise of reasonable diligence, then you will return a verdict in favor of the defendant."

The refused instruction states a proposition which was correct and applicable to the case on trial. Under the issues raised by the pleadings and evidence, the plaintiff was not entitled to a verdict in her favor, in the absence of a finding that the presence of the unusual and dangerous current on the wire on the premises of the deceased's employers was due to negligence chargeable against the defendant. The proposition stated in the refused instruction was not covered by anything said in the court's charge to the jury. The following is all that was said in the charge given touching the question of the duty owing by the defendant:

"As to the duty of the defendant, you are charged that a company supplying electricity for lighting purposes, and engaging with individuals to deliver a suitable current at their residences and places of business, over its own system of wires and appliances, is bound to exercise such control over the subtle and perilous agency with which it is dealing, and take such precautions in the maintenance and inspection of its wires and appliances as are reasonably essential to prevent an excessive and dangerous current from passing from its supply wires to the service wires of its patrons.

"Now, if you believe, from a preponderance of the evidence and facts and circumstances in evidence, that the defendant failed to exercise such control over the voltage of electricity with which it charged its wires, and failed to take such precautions in the maintenance and inspection of its wires and appliances as were reasonably essential to prevent an excessive and dangerous current from passing from its supply wires to the service wires on the premises of J. H. Harris & Son, by allowing a cross-connection or contact between its high-voltage circuit serving said premises within or without said transformer, or between said high-voltage circuit and the ground, or in failing to install a proper and reasonable number of lightning arresters at proper distances from each other on its high-voltage circuits, sufficient to deflect into the ground high circuits of electricity of great and dangerous magnitude, and particularly near the transformer serving the premises where deceased was employed, and if you find that by reason of such failure, if any, the insulation or substance separating the high voltage from the low voltage in the transformer serving the premises where deceased was employed was broken down and rendered useless, and that by reason of its failure to exercise such control over the voltage of electricity in its wires, or by reason of its failure to take such precautions in the maintenance and inspection of its wires and appliances as were reasonably essential to prevent an excessive and dangerous current from passing from its supply wires to the service wires of said

Harris & Son, in either one or more, or all, of said respects herein set forth, plaintiff's husband, John Lewis James, in undertaking to turn a switch for the purpose of making a light by which he might perform his duties, came to his death by electrocution, then and in that event, the plaintiff herein would be entitled to recover the actual damages sustained by her. If you do not so believe, you should find your verdict for the defendant company."

In the above-quoted part of the charge given, the court, in stating the duty owing by the defendant, expressed itself in language almost identical with that used in a part of the opinion delivered in the case of San Juan Light Co. v. Requena, 224 U. S. 89, 32 Sup. Ct. 399, 56 L. Ed. 680. Other parts of that opinion make it plain that the defendant in that case was held to be liable for a death due to a current of dangerous voltage on a wire in a residence, because of its negligence in failing to exercise appropriate care in the maintenance and inspection of its equipment. The charge given by the court not having been such as to inform the jury that the defendant was not an insurer of the safety of persons using its electric current, or that a finding that it was negligent was required to justify a verdict in favor of the plaintiff, the defendant was entitled to have the above-quoted requested instruction given. The court erred in refusing to give that instruction.

Because of that error the judgment is reversed.